# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MEDPOINTE HEALTHCARE INC., | : | CIVIL ACTION NO. 03-5550 (MLC) |
| Plaintiff, | : | |
| v. | : | |
| HI-TECH PHARMACAL CO., INC., | : | |
| Defendant. | : | |
| MEDPOINTE HEALTHCARE INC., | : | CIVIL ACTION NO. 04-1686 (MLC) |
| Plaintiff, | : | |
| v. | : | O P I N I O N   E R R A T A |
| MORTON GROVE PHARMACEUTICALS, INC., | : | |
| Defendant. | : | |

IT IS on this 9th day of August, 2005

ORDERED that the following amendment is hereby made in the Memorandum Opinion filed August 4, 2005:

P. 19 - 1st full paragraph - The Court finds that whether MedPointe's trial counsel (for the '206 patent litigation) knew, should have known, or should have disclosed the ruling on the different '597 patent **can** ... should be **cannot**; and it is

FURTHER ORDERED that the attached page 19 shall replace the page 19 originally filed on August 4, 2005.

/s/ *John J. Hughes*
**JOHN J. HUGHES**

**UNITED STATES MAGISTRATE JUDGE**

Defs.['] Joint Reply Br. at 9.  During oral argument, however, Defendants were careful not to allege that MedPointe's trial attorneys litigating the present '206 patent case knew of the prior ruling on the '597 patent.

In any event, counsel's conduct is governed by the Rules of Professional Responsibility which require a duty of candor before the court.  Nonetheless, it is debatable (and reasonable minds may differ on this) whether the Rules of Professional Conduct go so far as to require counsel to disclose information on a patent that is clearly different from the patent in the present litigation.  The Court finds that whether MedPointe's trial counsel (for the '206 patent litigation) knew, should have known, or should have disclosed the ruling on the different '597 patent cannot be transformed into patent misuse or unclean hands.

Finally, the Court finds that whether MedPointe itself knew of the prior ruling on the '597 patent does not justify patent misuse or unclean hands during litigation.  The Court cannot expect the litigant, when represented by trial counsel, to be responsible for making determinations as to the relevancy of a decision in a past case to present litigation and, consequently, have an obligation to disclose it to the instant court.  Accordingly, the Court finds that Defendants' proposed Amended Pleadings, with respect to non-disclosure of the prior ruling on the '597 patent, fail to state a claim for patent misuse or unclean hands and are, therefore, the motion is denied.

III.  **CONCLUSION**

For the reasons herein, Defendants' Motions for leave to file Amended Answers and Counterclaims are granted in part and denied in part.  Specifically, the Court finds that

paragraphs 77-80 of Hi-Tech's Amended Pleadings and paragraphs 91-95 of Morton Grove's