RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAY 25 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

MEDPOINTE HEALTHCARE INC.,

    Plaintiff,

v.

HI-TECH PHARMACAL CO., INC.,

    Defendant.

Civil Action No. 03-5550 (MLC)

### FINDINGS OF FACT AND CONSENT JUDGMENT AND ORDER

Upon the consent and request of the parties, the Court hereby makes the following Findings Of Fact and issues the following Consent Judgment And Order:

### FINDINGS OF FACT

1. Plaintiff MedPointe Healthcare Inc. ("MedPointe") filed this civil action against Defendant Hi-Tech Pharmacal Co., Inc. ("Hi-Tech") in this Court on November 24, 2003, charging Hi-Tech with willful infringement of United States Patent No. 6,417,206 ("the '206 patent").

2. This Court has subject matter jurisdiction over this patent infringement action and personal jurisdiction over all of the parties to the action. Venue is proper in this Court as to all parties to the action.

3. MedPointe's Tussi-12 D suspension product contains carbetapentane tannate, pyrilamine tannate and phenylephrine tannate. The Tussi-12 D suspension product, and the use of that product in accordance with its labeling and package insert, falls within the scope of Claims 1, 5-8 and 12-14 of the '206 patent.

4. Hi-Tech's Tannate-12 D suspension product contains carbetapentane tannate, pyrilamine tannate and phenylephrine tannate. Hi-Tech's Tannate 12d S product falls within the literal scope of Claims 1 and 5-7 of the '206 patent.

5. The use of the Tannate 12d S product, as directed by Hi-Tech's labeling and package insert for its Tannate 12d S product, falls within the literal scope of Claims 8 and 12-14 of the '206 patent.

6. Hi-Tech has made, offered to sell, and sold its Tannate 12d S product (with the labeling and package insert as described in paragraph 5 above) within the United States and without authority from MedPointe during the term of the '206 patent.

7. Hi-Tech's Tannate 12d S product literally infringes each claim of Claims 1 and 5-7 of the '206 patent.

8. Hi-Tech's offering for sale and sale of its Tannate 12d S product (with the labeling and package insert described in paragraph 5 above) actively induces literal infringement of each claim of Claims 8 and 12-14 of the '206 patent.

9. The '206 patent is neither invalid nor unenforceable.

10. Hi-Tech has agreed that each of the defenses and counterclaims set forth in Hi-Tech's Amended Answer And Counterclaim, including the allegations and averments contained therein, should be dismissed with prejudice.

11. MedPointe is entitled to a permanent injunction enjoining Hi-Tech from manufacturing, having manufactured, using, offering to sell, selling or shipping within the United States, or importing into the United States, the Tannate 12d S product or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as

defined by one or more claims of the '206 patent during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

## CONSENT JUDGMENT AND ORDER

Pursuant to the above Findings Of Fact, and upon the consent and request of the parties, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The '206 patent is neither invalid nor unenforceable.

2. Hi-Tech's Tannate 12d S product literally infringes Claims 1 and 5, 6 and 7 of the '206 patent, as properly construed. The use of the Tannate 12d S product, as directed by Hi-Tech's labeling and package insert, literally infringes Claims 8 and 12-14 of the '206 patent, as properly construed.

3. Hi-Tech's defenses and counterclaims with respect to the '206 patent, including its defenses and counterclaims of noninfringement, estoppel, laches, unclean hands, unenforceability and under 35 U.S.C. §§ 102, 103 and 112, are hereby dismissed, with prejudice.

4. Hi-Tech, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, having manufactured, using, offering to sell, selling within the United States, or importing into the United States, the Tannate 12d S product or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as defined by one or more claims of the '206 patent during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

5. Hi-Tech, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, are also hereby enjoined from listing or seeking to list the Tannate 12d S product or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as defined by one or more claims of the '206 patent in any database of available pharmaceutical products or their generic equivalents (*e.g.*, First Databank, MediSpan, RedBook or Gold Standard) or any other database utilized to dispense or distribute pharmaceutical products during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

6. Hi-Tech, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are also hereby enjoined from advertising or marketing the Tannate 12d S product, or any other product containing carbetapentane tannate, pyrilamine tannate and phenylephrine tannate as defined by one or more claims of the '206 patent during the life of the '206 patent, including any extensions, unless specifically authorized in writing by MedPointe.

7. To the extent that any claim of the '206 patent is found invalid, or unenforceable for inequitable conduct, in a final, unappealable decision of a court of competent jurisdiction, Hi-Tech shall be relieved of the injunctions set forth herein with respect to that claim.

8. MedPointe and Hi-Tech each expressly waives any right to appeal or otherwise move for relief from this Findings of Fact And Consent Judgment And Order.

9. This Court retains jurisdiction over the parties to this action for purposes of enforcing this Findings Of Fact And Consent Judgment And Order.

10. This Findings Of Fact and Consent Judgment And Order shall finally resolve this action between the parties. Except as otherwise agreed to by the parties, each party shall bear its own fees and costs in connection with this action, including attorneys fees.

11. The Clerk of the Court is directed to enter this final judgment forthwith.

12. Given this final judgment, the entire Fed. R. Civ. P. 65(c) security in this action shall be returned to MedPointe forthwith.

**SO ORDERED:**

This 25th day of May, 2007

_____
THE HONORABLE MARY L. COOPER
United States District Judge
District of New Jersey

STIPULATED AND CONSENTED TO BY:

MEDPOINTE HEALTHCARE, INC.
By: _____
Title: ENP & General Counsel
Date: 5/23/07

HI-TECH PHARMACAL CO., INC.
By: _____
Title: VP & CFO
Date: 5/23/07

6